# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>and<br><br>STATE OF MINNESOTA, by its Attorney General, Keith Ellison,<br><br>Plaintiffs,<br><br>v.<br><br>MANHATTAN BEACH VENTURE, LLC, a limited liability company, also d/b/a The Student Loan Relief Department;<br><br>CHRISTOPHER E. LYELL, an individual;<br><br>BRADLEY K. HANSEN, an individual; and<br><br>EQUITABLE ACCEPTANCE CORPORATION, a corporation,<br><br>Defendants. | Case No. 2:19-cv-7849<br><br>[Amended]<br>STIPULATED ORDER<br>FOR PERMANENT INJUNCTION, MONETARY RELIEF<br>AND FINAL JUDGMENT AS TO DEFENDANTS MANHATTAN BEACH VENTURE, LLC, CHRISTOPHER E. LYELL, AND BRADLEY K. HANSEN |

Plaintiff, the Federal Trade Commission ("Commission or "FTC"), and Plaintiff, the Minnesota Attorney General ("MN AG") (collectively, "Plaintiffs"), filed their Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601-1666j, the Minnesota Uniform Deceptive Trade Practices Act ("MN DTPA"), Minn. Stat. §§ 325D.43–.48, the Minnesota Prevention of Consumer Fraud Act ("MN CFA"), Minn. Stat. §§ 325F.68–.694, the Debt Settlement Services Act ("MN DSSA"), Minn. Stat. §§ 332B.02–.14, and the Minnesota Regulated Loan Act ("MN RLA"), Minn. Stat. §§ 56.0001–.26 against Defendants Manhattan Beach Venture, LLC ("MBV"), Christopher E. Lyell, Bradley K. Hansen (collectively, "MBV Defendants") and Equitable Acceptance Corporation. Plaintiffs and MBV Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that MBV Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), the Telemarketing Sales Rule, 16 C.F.R. § 310, the MN DTPA, the MN CFA, and the MN DSSA in connection with the marketing and sale of student loan debt relief services.

3. MBV Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, MBV Defendants admit the facts necessary to establish jurisdiction.

4. MBV Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. MBV Defendants and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

A. "**Assisting Others**" includes:

1. performing customer service functions, including receiving or responding to consumer complaints;

2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4. providing names of, or assisting in the generation of, potential customers;

5. performing marketing, billing, or payment services of any kind; or

6. acting or serving as an owner, officer, director, manager, or principal of any entity.

B. "**Corporate Defendant**" means Manhattan Beach Venture, LLC d/b/a the Student Loan Relief Department, and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, including but not limited to The Student Loan Relief Department.

C. **"Financial Product or Service"** means any product, service, plan, or program represented, expressly or by implication, to:

1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

2. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

3. improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

4. provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

D. **"Individual Defendants"** means Christopher E. Lyell and Bradley K. Hansen.

E. **"MBV Defendants"** means the Corporate Defendant and both of the Individual Defendants, individually, collectively, or in any combination.

F. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

G. **"Secured or Unsecured Debt Relief Product or Service"** means:

1. With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

    a. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

    b. negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly

payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

   c. obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

   d. negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

   e. obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

   f. negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

  2. With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

   a. repay one or more unsecured loans, debts, or obligations; or

   b. combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

 H. "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution

by use of one or more telephones and which involves more than one interstate telephone call.

## I.
## BAN ON SECURED AND UNSECURED
## DEBT RELIEF PRODUCTS AND SERVICES

IT IS ORDERED that MBV Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or Assisting Others in the advertising, marketing, promoting, offering for sale, or selling, of any Secured or Unsecured Debt Relief Product or Service.

## II.
## PROHIBITION AGAINST MISREPRESENTATIONS
## RELATING TO FINANCIAL PRODUCTS AND SERVICES

IT IS FURTHER ORDERED that MBV Defendants, MBV Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any Financial Product or Service, are permanently restrained and enjoined from misrepresenting, or Assisting Others in misrepresenting, expressly or by implication:

A.   the terms or rates that are available for any loan or other extension of credit, including:

1.   closing costs or other fees;

2.   the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

3.   the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

4.   the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

5. the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

6. whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

7. that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B. the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history;

C. that a consumer will receive legal representation; or

D. any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that MBV Defendants, MBV Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or Assisting Others in misrepresenting, expressly or by implication:

A. any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a

full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

   B. that any Person is affiliated with, endorsed or approved by, or otherwise connected to any other Person; government entity; public, non-profit, or other noncommercial program; or any other program;

   C. the nature, expertise, position, or job title of any Person who provides any product, service, plan, or program; or

   D. any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV.
## PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that MBV Defendants, MBV Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any Financial Product or Service, are permanently restrained and enjoined from making any representation or Assisting Others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any Financial Product or Service, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## V.
## PROHIBITION AGAINST UNLAWFUL TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that MBV Defendants, MBV Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert

or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Telemarketing, are permanently restrained and enjoined from engaging in, causing others to engage in, or Assisting Others to engage in, any of the following practices:

    A.    making a false or misleading statement to induce any Person to pay for goods or services; or

    B.    violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as **Appendix A**.

## VI.
## PROHIBITION AGAINST COLLECTING ON ACCOUNTS

IT IS FURTHER ORDERED that MBV Defendants, MBV Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer for any product, service, plan, or program sold by Corporate Defendant prior to the date of entry of this Order.

## VII.
## MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

    A.    Judgment in the amount of Four Million Two Hundred Eighty-One Thousand Three Hundred Thirty-Five Dollars ($4,281,335) is entered in favor of Plaintiffs against Defendants Manhattan Beach Venture, LLC, Christopher E. Lyell, and Bradley K. Hansen, jointly and severally, as equitable monetary relief.

### Suspension As To MBV

    B.    The judgment as to MBV is hereby suspended, subject to Subsections C-E below.

C. Plaintiffs' agreement to the suspension of the judgment against MBV is expressly premised upon the truthfulness, accuracy and completeness of MBV sworn financial statements and related documents (collectively, "MBV Financial Representations") submitted to the Commission and the MN AG. These documents include:

1. the Financial Statement of Corporate Defendant MBV signed by Bradley K. Hansen, a Member, on February 20, 2019, including the attachments; and

2. all documents that are listed in a letter dated May 3, 2019 sent by FTC counsel John Jacobs to MBV counsel Michael Thurman with the subject line "Manhattan Beach Venture, LLC / FTC Matter 1723041."

D. The suspension of the judgment will be lifted as to MBV if, upon motion by Plaintiffs, the Court finds that MBV failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the MBV Financial Representations identified above.

E. If the suspension of the judgment against MBV is lifted, the judgment becomes immediately due as to MBV in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

**Suspension As To Defendant Christopher E. Lyell**

F. Individual Defendant Lyell is ordered to pay to the Commission Sixty-Five Thousand Dollars ($65,000), which, as Defendant stipulates, he has deposited into an escrow account, held by Hollywood Escrow in Hermosa Beach, CA, for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

Upon such payment, the remainder of the judgment as to Defendant Lyell is suspended, subject to Subsections G – I below.

      G.      Plaintiffs' agreement to the suspension of the judgment against Defendant Lyell is expressly premised upon the truthfulness, accuracy and completeness of Defendant Lyell's sworn financial statements and related documents (collectively, "Lyell Financial Representations") submitted to the Commission and the MN AG. These documents include:

          1.     the Financial Statement of Individual Defendant Christopher Lyell ("FTC Financial Disclosure Doc Completed.pdf") signed by Christopher Lyell on February 8, 2019, including attachments;

          2.     the revised Financial Statement of Individual Defendant Christopher Lyell ("FTC Financial Disclosure Doc Completed Updated 2.27.19.pdf"), which Defendant Lyell sent to FTC staff on 2/27/2019, including attachments; and

          3.     all documents that are listed in a letter dated May 2, 2019 sent by FTC counsel John Jacobs to Defendant Lyell with the subject line "Manhattan Beach Venture, LLC / FTC Matter 1723041."

      H.      The suspension of the judgment will be lifted as to Defendant Lyell if, upon motion by Plaintiffs, the Court finds that Defendant Lyell failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the Lyell Financial Representations identified above.

      I.      If the suspension of the judgment against Defendant Lyell is lifted, the judgment becomes immediately due as to Defendant Lyell in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## Suspension As To Defendant Bradley K. Hansen

J. Individual Defendant Hansen is ordered to pay to the Commission Ninety-One Thousand Dollars ($91,000), which, as Defendant stipulates, he has deposited into an escrow account, held by Hollywood Escrow in Hermosa Beach, CA, for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission. Upon such payment, the remainder of the judgment as to Defendant Hansen is suspended, subject to Subsections K - M below.

K. Plaintiffs' agreement to the suspension of the judgment against Defendant Hansen is expressly premised upon the truthfulness, accuracy and completeness of Defendant Hansen's sworn financial statements and related documents (collectively, "Hansen Financial Representations") submitted to the Commission and the MN AG. These documents include:

1. the Financial Statement of Individual Defendant Bradley Kyle Hansen ("FTC Fin Stmt HANSEN final.pdf") dated February 19, 2019, including attachments; and
2. all documents that are listed in a letter dated May 2, 2019 sent by FTC counsel John Jacobs to Defendant Hansen with the subject line "Manhattan Beach Venture, LLC / FTC Matter 1723041."

L. The suspension of the judgment will be lifted as to Defendant Hansen if, upon motion by Plaintiffs, the Court finds that Defendant Hansen failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the Hansen Financial Representations identified above.

M. If the suspension of the judgment against Defendant Hansen is lifted, the judgment becomes immediately due as to Defendant Hansen in the amount specified in Subsection A above (which the parties stipulate only for purposes of

this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VIII.
## ADDITIONAL MONETARY PROVISIONS

    A.    MBV Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

    B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiffs, including in a proceeding to enforce Plaintiffs' rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

    C.    The facts alleged in the Complaint establish all elements necessary to sustain an action by Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

    D.    MBV Defendants acknowledge that their Taxpayer Identification Number or Social Security Numbers, which the MBV Defendant previously submitted to Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

    E.    All money paid to Plaintiffs pursuant to this Order may be deposited into a fund administered by the Plaintiff Federal Trade Commission, Plaintiff Minnesota Attorney General, or either one's designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If Plaintiffs decide that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, all remaining funds are to be divided equally between the Commission

and MN AG, with half to be deposited to the U.S. Treasury as disgorgement and half to be provided to the MN AG to be used in accordance with applicable Minnesota law. MBV Defendants have no right to challenge any actions Plaintiffs or their representatives may take pursuant to this Subsection.

## IX.

## NOTICES TO CONSUMERS

IT IS FURTHER ORDERED that MBV Defendants shall:

A. Within 10 days after the date of this Order is entered, send a notice by email to each consumer who has had an account with MBV that clearly and unambiguously: (1) informs the consumer that the notification is being provided to the consumer by Manhattan Beach Venture, LLC, d/b/a Student Loan Relief Department, pursuant to an agreement between Manhattan Beach Venture, LLC, and the Federal Trade Commission and the State of Minnesota; (2) informs the consumer that, pursuant to the agreement, Manhattan Beach Venture will not collect any payments from the consumer or assist anyone else with collecting any payments from the consumer; and (3) informs the consumer that no payment that the consumer has made in connection with the consumer's agreement with Manhattan Beach Venture has gone towards a Department of Education repayment program or towards the consumer's student loans. The MBV Defendants shall email such notice to the last known email address for each consumer and shall maintain and make available to Plaintiffs all emails required by this Paragraph for 180 days; and

B. Within 60 days after the date this Order is entered, provide the names and email addresses of consumers to whom MBV emailed the notice pursuant to Subparagraph A above to: Regional Director, Federal Trade Commission, Western Region-Los Angeles, 10990 Wilshire Boulevard, Ste. 400, Los Angeles, CA 90024.

# X.

# CUSTOMER INFORMATION

IT IS FURTHER ORDERED that MBV Defendants, MBV Defendants' officers, agents, employees, attorneys, and all other Persons or entities in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information to enable Plaintiffs to efficiently administer consumer redress. If a representative of either Plaintiff requests in writing any information related to redress, MBV Defendants must provide it, in the form prescribed by that Plaintiff, within 14 days;

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, FSA ID, other identifying information, or any data that enables access to a customer's account (including a student loan account, credit card, bank account, or other financial account), that any MBV Defendant obtained prior to entry of this Order in connection with the marketing or sale of Secured or Unsecured Debt Relief Products or Services; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of Plaintiffs.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

# XI.

# ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that MBV Defendants obtain acknowledgments of receipt of this Order:

A.   Each MBV Defendant, within 7 days of entry of this Order, must submit to Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.   For 5 years after entry of this Order, each Individual Defendant for any business that he, individually or collectively with any other MBV Defendant, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.   From each Person to which an MBV Defendant delivered a copy of this Order, the MBV Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII.
## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that MBV Defendants make timely submissions to Plaintiffs:

A.   One year after entry of this Order, each MBV Defendant must submit a compliance report, sworn under penalty of perjury:

1.   Each MBV Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of Plaintiffs may use to communicate with that MBV Defendant; (b) identify all of that MBV Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means

of advertising, marketing, and sales, and the involvement of any other MBV Defendant; (d) describe in detail whether and how that MBV Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiffs.

2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which that Individual Defendant has any ownership interest; and (c) describe in detail that Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each MBV Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each MBV Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each MBV Defendant must submit to the Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such MBV Defendant within 14 days of its filing.

D. Any submission to Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, and except for the notice required by Section IX.B of this Order above, all submissions to the Federal Trade Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Manhattan Beach Venture, Inc. Unless otherwise directed by a MN AG representative in writing, all submissions to the MN AG pursuant to this Order must be must be emailed to lindsey.lee@ag.state.mn.us and mailed to Lindsey Lee, Assistant Attorney General, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1200, St. Paul, Minnesota 55101.

## XIII.
## RECORDKEEPING

IT IS FURTHER ORDERED that MBV Defendants must create certain records for 20 years after entry of the Order, and retain each such records for 5 years. Specifically, each Corporate Defendant and each Individual Defendant for any business that such MBV Defendant, individually or collectively with any other

MBV Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

    A.    accounting records showing the revenues from all goods or services sold;

    B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C.    records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Plaintiffs; and

    E.    a copy of each unique advertisement or other marketing material.

## XIV.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring MBV Defendants' compliance with this Order, including the Financial Representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of either Plaintiff, each MBV Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.    For matters concerning this Order, Plaintiffs are authorized to communicate directly with each MBV Defendant. MBV Defendants must permit

representatives of Plaintiffs to interview any employee or other person affiliated with any MBV Defendant who has agreed to such an interview. The person interviewed may have counsel present.

    C.    Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to MBV Defendants or any individual or entity affiliated with MBV Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, or the MN AG's lawful use of compulsory process pursuant to Minnesota law.

## XV.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order

SO ORDERED, this 13th day of September, 2019.

                                                                    _____
                                                                    United States District Judge