JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:19-cv-7849

FEDERAL TRADE COMMISSION,

and

STATE OF MINNESOTA, by its Attorney General, Keith Ellison,

Plaintiffs,

v.

MANHATTAN BEACH VENTURE, LLC, a limited liability company, also d/b/a The Student Loan Relief Department;

CHRISTOPHER E. LYELL, an individual;

BRADLEY K. HANSEN, an individual; and

EQUITABLE ACCEPTANCE CORPORATION, a corporation,

Defendants.

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY RELIEF AND FINAL JUDGMENT AS TO EQUITABLE ACCEPTANCE CORPORATION

Plaintiff, the Federal Trade Commission ("Commission or "FTC"), and Plaintiff, the Minnesota Attorney General ("MN AG") (collectively, "Plaintiffs"), filed their Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601-1666j, the Minnesota Uniform Deceptive Trade Practices Act ("MN DTPA"), Minn. Stat. §§ 325D.43–.48, the Minnesota Prevention of Consumer Fraud Act ("MN CFA"), Minn. Stat. §§ 325F.68–.694, the Debt Settlement Services Act ("MN DSSA"), Minn. Stat. §§ 332B.02–.14, and the Minnesota Regulated Loan Act ("MN RLA"), Minn. Stat. §§ 56.0001–.26 against Defendants Manhattan Beach Venture, LLC d/b/a the Student Loan Relief Department, Christopher E. Lyell, Bradley K. Hansen (collectively, "MBV Defendants") and Equitable Acceptance Corporation ("EAC"). Plaintiffs and Defendant EAC stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that EAC participated in deceptive acts or practices in violation of the FTC's Trade Regulation Rule entitled the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310, by providing substantial assistance or support to MBV Defendants, whom EAC allegedly knew, or consciously avoided knowing, were engaged in violations of the TSR, and charges that these acts or practices are deceptive telemarketing acts or practices that violate the TSR, 16 C.F.R. § 310.3(b).

3. The Complaint also charges that EAC, in the offering or extension of credit to consumers for purchase of MBV Defendants' products or services, misstated the terms of these loans in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1631 and 1638, and its implementing Regulation Z, 12 C.F.R. §§ 1026.17 and 1026.18. The Complaint further alleges that EAC violated the MN RLA by failing to make the disclosures required by Minnesota Statutes section 56.14(1), which incorporates TILA disclosures into Minnesota state law.

4. EAC neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, EAC admits the facts necessary to establish jurisdiction.

5. EAC waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

6. EAC and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

A. "**Assisting Others**" includes:

1. performing customer service functions, including receiving or responding to consumer complaints;

2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

    4. providing names of, or assisting in the generation of, potential customers;

    5. performing marketing, billing, or payment services of any kind; or

    6. acting or serving as an owner, officer, director, manager, or principal of any entity.

  B. "**Consumer Reporting Agency**" or "**CRA**" shall mean any Person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

  C. "**Dealer**" means any Person for whom EAC is providing credit services to consumers for the purchase of that Person's product or service.

  D. "**Debt**" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services that are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

  E. "**MBV**" means Defendant Manhattan Beach Venture, LLC d/b/a the Student Loan Relief Department.

  F. "**MBV Defendants**" means Defendants Manhattan Beach Venture, LLC d/b/a the Student Loan Relief Department, Christopher E. Lyell, and Bradley K. Hansen, individually, collectively, or in any combination.

  G. "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

  H. "**Secured or Unsecured Debt Relief Product or Service**" means:

1. With respect to any mortgage, loan, Debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

    a. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

    b. negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, Debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

    c. obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, Debt, or obligation;

    d. negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, Debt, or obligation, (ii) reinstate his or her mortgage, loan, Debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, Debt, or obligation or redeem a dwelling or other collateral;

    e. obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

    f. negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, Debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, Debt, or obligation.

2. With respect to any loan, Debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

    a. repay one or more unsecured loans, Debts, or obligations; or

    b. combine unsecured loans, Debts, or obligations into one or more new loans, Debts, or obligations.

## I.
## BAN ON SECURED AND UNSECURED
## DEBT RELIEF PRODUCTS AND SERVICES

IT IS ORDERED that EAC is permanently restrained and enjoined from financing the purchase of, or Assisting Others in the advertising, marketing, promoting, offering for sale, selling, financing the purchase of, any Secured or Unsecured Debt Relief Product or Service.

## II.
## PROHIBITION AGAINST MISREPRESENTATIONS
## RELATING TO FINANCIAL PRODUCTS AND SERVICES

IT IS FURTHER ORDERED that EAC, EAC's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or Assisting Others in misrepresenting, expressly or by implication:

A. the terms or rates that are available for any loan or other extension of credit, including:

    1. closing costs or other fees;

2.   the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

    3.   the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

    4.   the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

    5.   the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

    6.   whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

    7.   that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

   B.   the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history;

   C.   that a consumer will receive legal representation; or

   D.   any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III.

### PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that EAC, EAC's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly,

in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or Assisting Others in misrepresenting, expressly or by implication:

    A.    any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

    B.    that any Person is affiliated with, endorsed or approved by, or otherwise connected to any other Person; government entity; public, non-profit, or other noncommercial program; or any other program;

    C.    the nature, expertise, position, or job title of any Person who provides any product, service, plan, or program; or

    D.    any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV.
## REQUIRED DISCLOSURES

IT IS FURTHER ORDERED that EAC, EAC's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering, or extension of credit, are hereby permanently restrained and enjoined from:

    A.    When extending a fixed amount of credit that a consumer is to repay in one or more installment(s), failing to disclose in writing (electronic or hard-copy), clearly and conspicuously, and in a form that the consumer may keep, before the consumer signs the credit agreement, the following information in a manner reflecting the terms of the legal obligation between the parties:

1. The identity of the creditor;
2 The amount financed;
3. The finance charge;
4. The annual percentage rate;
5. The payment schedule;
6. The total of payments; or

B. Violating any provision of the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j, or Regulation Z, 12 C.F.R. Part 1026.

## V.
## PROHIBITION AGAINST COLLECTING ON MBV ACCOUNTS AND CONSUMER NOTIFICATION

IT IS FURTHER ORDERED that EAC, EAC's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer on any Debt or extension of credit related to the consumer's purchase from MBV of any product or service (the "MBV Debt"). EAC shall not sell, assign, or otherwise transfer any MBV Debt. For each MBV Debt that EAC has reported to a Consumer Reporting Agency (CRA), EAC shall, within ten (10) business days after entry of this Order, request that each CRA to which the Debt has been reported delete the Debt from the consumer's credit reporting file. Within ten (10) business days of such request, EAC shall mail a notice to each affected consumer informing the consumer clearly and unambiguously of the following:

(1) that EAC had extended credit to the consumer in connection with a purchase of student-loan related services that the consumer had made from Manhattan Beach Venture, LLC, also known as Student Loan Relief Department;

(2) that, pursuant to an agreement with the Federal Trade Commission and the State of Minnesota, EAC will not collect or attempt to collect on any debt that the consumer had incurred as a result of EAC's extension of credit to the consumer;

(3) that EAC will not sell, assign or otherwise transfer any outstanding debt that the consumer owes to EAC;

(4) that, to remain in any federal student loan payment assistance program offered by the U.S. Department of Education, and to avoid losing the benefits of continuous enrollment in such a program, the consumer is required each year to re-certify, and update certain information to the Department of Education, and that the consumer should contact the Department of Education or the consumer's student loan servicer, and not EAC, for information as to how and when to submit the required annual re-certification;

(5) that EAC will no longer report to any information about the consumer's EAC account to any Consumer Reporting Agency, and that for each Consumer Reporting Agency to which EAC has previously reported information about the consumer's account with EAC, EAC has requested that the CRA delete the account from the consumer's credit report; and

(6) the name and contact information for each CRA to which EAC submitted the request to delete the consumer's account from the consumer's credit reporting file, and the date on which the request was sent.

EAC shall for one year from the date of this Order, keep (a) all contact information for each consumer as to whom EAC is required to send the required notice and (b)

the template for the notice that EAC sent to consumers. EAC shall provide the contact information and template to Plaintiffs upon request.

## VI.
## MONETARY JUDGMENT AND PARTIAL SUSPENSION

A. IT IS FURTHER ORDERED that Judgment in the amount of Three Million Eight Hundred One Thousand Two Hundred Forty-Four Dollars ($3,801,244) is entered in favor of Plaintiffs against Defendant Equitable Acceptance Corporation as equitable monetary relief.

B. EAC is ordered to pay to Plaintiffs One Hundred Thirty-Six Thousand Two Hundred Dollars ($136,200), which, as EAC stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission. Upon such payment the remainder of the judgment is suspended, subject to the Subsections below.

C. Plaintiffs' agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy and completeness of EAC's sworn financial statements and related documents (collectively, "EAC Financial Representations") submitted to the Commission and the MN AG. These documents include:

1. the Financial Statement of Corporate Defendant Equitable Acceptance Corporation, signed by Daryl Soeder, on February 18, 2019, including the attachments; and
2. all documents that are listed in a letter dated May 2, 2019 sent by FTC counsel John Jacobs to EAC counsel James Chareq with the subject line "Equitable Acceptance Corp. / FTC Matter 1723041."

D. The suspension of the judgment will be lifted if, upon motion by Plaintiffs, the Court finds that EAC failed to disclose any material asset, materially

misstated the value of any asset, or made any other material misstatement or omission in the EAC Financial Representations identified above.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection A. above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VII.
## ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. EAC relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiffs, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. EAC acknowledges that its Taxpayer Identification Number, which EAC previously submitted to Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E. All money paid to Plaintiffs pursuant to this Order may be deposited into a fund administered by the Plaintiff Federal Trade Commission, Plaintiff

Minnesota Attorney General's Office, or either one's designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If Plaintiffs decide that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, all remaining funds are to be divided equally between the Commission and MN AG, with half to be deposited to the U.S. Treasury as disgorgement and half to be provided to the MN AG to be used in accordance with applicable Minnesota law. EAC has no right to challenge any actions Plaintiffs or their representatives may take pursuant to this Subsection.

## VIII.

## CUSTOMER INFORMATION

IT IS FURTHER ORDERED that EAC, EAC's officers, agents, employees, attorneys, and all other Persons or entities in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information to enable Plaintiffs to efficiently administer consumer redress. If a representative of either Plaintiff requests in writing any information related to redress, EAC must provide it, in the form prescribed by that Plaintiff, within 14 days;

B. disclosing, using, or benefiting from any information relating to any MBV customer that EAC obtained prior to entry of this Order, including the name, address, telephone number, email address, social security number, FSA ID, other identifying information, or any data that enables access to a customer's account (including a student loan account, credit card, bank account, or other financial account); and

C. failing to destroy MBV customer information in all forms in EAC's possession, custody, or control within 30 days after receipt of written direction to do so from a representative of Plaintiffs.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IX.
## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that EAC obtain acknowledgments of receipt of this Order:

A.  EAC within 7 days of entry of this Order, must submit to Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For five 5 years after entry of this Order, EAC for any business that it is the majority owner or controls directly or indirectly must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; (3) all Dealers with whom EAC is engaged in a business relationship; and (4) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.  From each Person to which EAC delivered a copy of this Order, EAC must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.
## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that EAC make timely submissions to Plaintiffs:

A.  One year after entry of this Order, EAC must submit a compliance report, sworn under penalty of perjury:

1. EAC must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of Plaintiffs may use to communicate with EAC; (b) identify all of EAC's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other defendant in this proceeding; (d) describe in detail whether and how EAC is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiffs.

B. For 20 years after entry of this Order, EAC must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. EAC must report any change in: (a) any designated point of contact; or (b) the structure of EAC or any entity that EAC has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. EAC must submit to the Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against EAC within 14 days of its filing.

D. Any submission to Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Federal Trade Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Manhattan Beach Venture, Inc. Unless otherwise directed by a MN AG representative in writing, all submissions to the MN AG pursuant to this Order must be emailed to lindsey.lee@ag.state.mn.us and mailed to Lindsey Lee, Assistant Attorney General, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1200, St. Paul, Minnesota 55101.

## XI.
## RECORDKEEPING

IT IS FURTHER ORDERED that EAC must create certain records for 20 years after entry of the Order, and retain each such records for 5 years. Specifically, for any business that EAC is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Plaintiffs; and

E. a copy of each unique advertisement or other marketing material.

# XII.
# COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring EAC's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of either Plaintiff, EAC must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, Plaintiffs are authorized to communicate directly with EAC. EAC must permit representatives of Plaintiffs to interview any employee or other person affiliated with EAC who has agreed to such an interview. The person interviewed may have counsel present.

C. Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to EAC or any individual or entity affiliated with EAC, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, or the MN AG's lawful use of compulsory process pursuant to Minnesota law.

/ / /

# XIII.
# RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED, this 13th day of September, 2019.

_____
United States District Judge